JOHN T. KEATING
Nevada Bar No. 6373
K E A T I N G LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEAN PIERRE, a Nevada Resident, 1420 MED LLC, a Texas Limited Liability Company authorized to do business in Nevada,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendants. | CASE NO.:  2:24-cv-00010-APG-DJA<br><br>~~PROPOSED~~ STIPULATION DISCOVERY PLAN AND SCHEDULING ORDER<br><br>(SPECIAL SCHEDULING REVIEW REQUESTED) |

Plaintiffs, JEAN PIERRE and 1420 MED LLC, by and through their counsel, William R Ginn, Esq. of LEVERTY LAW FIRM and Defendant, ALLSTATE INDEMNITY COMPANY, by and through counsel of record John T. Keating, Esq. of KEATING LAW GROUP submit the following Joint Discovery Plan and Scheduling Order ("Plan"). The parties conducted a discovery planning conference on January 26, 2024, and submit the discovery plan for review and approval. The date Defendant, ALLSTATE INDEMNITY COMPANY appeared by filing a Petition for Removal was January 3, 2024.

Pursuant to LR26-1(b)(1) and the parties request a special scheduling review. The standard discovery plan would end discovery on July 3, 2024, with initial expert disclosures due on May 6, 2024, and rebuttal experts due on June 5, 2024. Given the nature of this matter, the parties are requesting special scheduling review to extend these standard

1

deadlines as demonstrated below. This matter involves allegations of bad faith and thus necessitates corporate discovery to include in-depth written discovery responses and corporate designee deposition(s). For the parties to adequately prepare their claims and defenses, particularly those related to the bad faith allegations, all the appropriate documents must be disclosed, reviewed, potentially redacted, and sent to various experts. Plaintiffs will request various corporate documents that Defendant will have to internally identify and redact prior to production. Typically, production of internal documents that are requested in cases involving bad faith claims can include files in the thousands of pages, some of which may arguably be confidential and/or proprietary. Further, the parties seek to identify and retain expert witnesses in preparation for the trial in this matter. Given that the expert disclosure dates are fast approaching on the standard schedule, the parties anticipate that there may be a future request for additional time. To avoid a future request of that nature, the parties have agreed to submit a plan that contemplates eight (8) months of discovery instead of the standard six (6) month timeframe.

1. **Changes in the timing, form or requirements for Rule 26(a) Disclosures**: The parties have agreed that the Rule 26(f) disclosure deadline is March 29, 2024.

2. **Subjects on which discovery may be made**: The parties envision propounding written discovery, disclosing policies and procedures pursuant to protective order, conducting depositions of treating physicians, parties, corporate 30(b)(6) designees, and disclosed experts, and obtaining all relevant records through use of subpoena. The parties also may conduct further discovery as may be allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiffs' Complaint and Defendant's Answer.

3. **Changes to limitations on discovery**: None.

4. **Discovery of electronically stored information**: The parties have implemented litigation holds and taken other reasonable measures to preserve relevant documents,

including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

    5. <u>Proposed Discovery Schedule for Special Review</u>:

        a. Close of Discovery: ~~September 30, 2024~~ August 30, 2024

        b. Amend pleadings and add parties: ~~July 2, 2024~~ June 3, 2024

        c. Initial Expert Disclosures: ~~August 1, 2024~~ July 1, 2024

        d. Rebuttal Expert Disclosures: ~~September 30, 2024~~ July 31, 2024

        e. Dispositive Motions: ~~October 30, 2024~~ October 1, 2024

        f. Pretrial Order: ~~November 29, 2024~~* October 31, 2024

*In the event that dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

    6. <u>Federal Rule of Civil Procedure 26(a)(3) Disclosures</u>: All disclosures required by Fed. R. Civ. P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant to Paragraph 5 above. Said disclosures, and any objections thereto, must be made and implemented into the pretrial order no later than set forth in Paragraph 5.

    7. <u>Alternative dispute resolution</u>: The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and, if applicable, early neutral evaluation. The parties agreed alternative resolution is not feasible at this time, but they will revisit these possibilities in the future.

    8. <u>Alternative forms of case disposition</u>: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties agree that trial by magistrate and the Short Trial Program are not appropriate for this case.

    9. <u>Electronic evidence</u>: The parties certify that they discussed the presentation of

electronic evidence to the jury at trial.

At this stage, the parties are unable to ascertain the need for electronic evidence and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

**AGREED AND ACCEPTED:**

Dated this 8th day of March 2024.

KEATING LAW GROUP

 /s/John T. Keating
JOHN T. KEATING, ESQ.
Nevada Bar No.: 6373
9130 W. Russell Road, Ste. 200
Las Vegas NV 89148
Attorney for Plaintiff

Dated this 8th day of March 2024.

LEVERTY ATTORNEYS

 /s/William R. Ginn
WILLIAM R. GINN, ESQ.
Nevada Bar No.: 6989
832 Willow Street
Reno, Nevada 89502
Attorney for Plaintiffs

IT IS THEREFORE ORDERED that the parties' stipulation (ECF No. 11) is GRANTED AS AMENDED on page 3.  The parties are admonished to carefully calculate their deadlines as applicable in any future motions.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: April 2, 2024