1  Patrick R. Leverty, Esq., NV Bar No. 8840
   pat@levertylaw.com
2  William R. Ginn, Esq., NV Bar No. 6989
   bill@levertylaw.com
3  832 Willow Street; Reno, NV 89502
   Telephone: (775) 322-6636
4  *Attorneys for 1420 Med LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEAN PIERRE, A NEVADA RESIDENT, 1420 MED. LLC, A TEXAS LIMITED LIABILITY COMPANY<br>　　　　Plaintiff<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY<br><br>　　　　Defendants | Case No.: 2:24-cv-00010-APG-DJA<br><br>**Stipulation and Order to Extend Discovery Deadlines (Second Request)** |

　　　　Pursuant to LR IA 6-1 and LR II 26-3, Plaintiffs, JEAN PIERRE and 1420 MED LLC, by and through their counsel, William R Ginn, Esq. of LEVERTY & ASSOCIATES LAW, CHTD., and Defendant, ALLSTATE INDEMNITY COMPANY, by and through counsel of record John T. Keating, Esq. of KEATING LAW GROUP respectfully submit the following stipulation requesting that this Court extend discovery in the above-captioned case by ninety (90) days, up to and including October 29, 2024. In addition, the parties request that all other future deadlines contemplated by the Discovery Plan and Scheduling Order, including the initial expert disclosure deadline of July 1, 2024, be extended.  This stipulation is being made less than 21 days before the expiration of the current expert disclosure deadline and is being entered into in good faith and not for the purpose of delay.  Undersigned counsel is cognizant of and appreciates the fact that the original Scheduling Order was granted with Special Scheduling Review.  However, this is the second requested stipulation to extend the discovery deadlines and the parties have agreed to extend the deadlines another 90 days so that all necessary depositions can be conducted and transcripts available for the claims handling experts who will require this testimony.  The current

1

discovery schedule does not allow for this to take place.  For good cause and in support of this stipulation and request, the parties state as follows:

### **DISCOVERY COMPLETED**

1. On January 26, 2024, the parties conducted an initial FRCP 26(f) conference.

2. The parties have served their Initial Disclosures pursuant to FRCP 26(a)(1) and continue to provide supplements thereto.

3. On April 1, 2024, Plaintiffs served three (3) sets of Requests for Production of Documents (141 requests total) on Defendant Allstate Indemnity Company. Allstate served its Responses to Set 1 and Set 2 on May 10, 2024 via extension of time.  Allstate then served its First Supplemental Response to Set 1 on May 16, 2024 and its Second Supplemental Responses to Set 1 on May 31, 2024.  Allstate then served its Responses to Set 3 on June 5, 2024, again via extension of time.

4. Defendant Allstate served its initial set of Interrogatories and Requests for Production of Documents to Plaintiff Jean Pierre on June 14, 2024, which were responded to on July 16, 2024.

5. The deposition of Allstate Indemnity Company claims representative Michael Broszcak took place on July 1, 2024;

6. The deposition of Allstate Indemnity Company claims representative Dan Munson took place on July 17, 2024;

7. The deposition of Plaintiff, took place on July 17, 2024.

### **DISCOVERY REMAINING**

1. The deposition of Allstate Indemnity Company claims representative Karl Kreigh, for whom availability has not been determined;

2. The Fed. R. Civ. Proc. 30(b)(6) deposition of Allstate Indemnity Company;

3. Expert disclosures and depositions;.

4. Rebuttal disclosures and depositions;.

5. Further, other appropriate discovery may also need to be conducted, including additional written discovery and/or depositions of percipient witnesses; and.

6. Any and all discovery required as permitted by the Federal Rules of Civil Procedure.



## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, the parties seek this extension solely for the purpose of allowing sufficient time to conduct discovery.

The parties have been diligent in moving the case forward: participating in a reasonable amount of discovery, including exchanging and supplementing their initial lists of witnesses and documents; propounding written discovery requests and preparing responses thereto; and scheduling depositions. The parties have run into scheduling issues with of the Allstate Indemnity Company claims representatives.

In an effort to accommodate counsel, parties and witnesses, the parties have agreed to extend the deadlines another 90 days so that all necessary remaining depositions can be conducted and available for the claims handling experts who will require these depositions, and to allow for the parties to engage in assisted settlement negotiations. This case is an insurance bad faith action brought by Plaintiff for damages allegedly suffered as a result of two consecutive homeowner claims; one for vandalism, and a second for water damage. The deposition testimony of the remaining Allstate Indemnity Company claims representatives is necessary for the parties' respective retained experts to evaluate and comment upon that testimony in their expert reports in advance of the experts' respective depositions.

The current discovery schedule does not allow for this to take place. The parties once again acknowledge that this Stipulation and Order is being submitted less than 21 days in advance of the expert disclosure deadline , one of the discovery deadlines it seeks to extend.

Extension or Modification of The Discovery Plan and Scheduling Order. LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than 21 days before the expiration of the subject deadline and must comply fully with LR 26-3. Any request made within 21 days of the subject deadline must be supported by a showing of good

1  cause. This stipulation is made more than 21 days before the expiration of the discovery deadline,
2  but less than 21 days before the expiration of the expert disclosure deadline.

3  The parties have been diligently working to complete discovery but have encountered
4  unforeseen issues preventing them from doing so. Despite the parties' best efforts to overcome
5  these issues and complete the depositions before the deadline, they were unable to do so, which
6  prompted them to submit this request. The parties' diligence in conducting discovery lends
7  support to finding excusable neglect. *Buonarigo v. BJ's Tavern LLC*, No. CV-19-08037-PCT-
8  JAT, 2020 U.S. Dist. LEXIS 233075, at *4 (D. Ariz. Dec. 11, 2020) (citing *Pincay v. Andrews*,
9  389 F.3d 853, 859 (9th Cir. 2004)).

10  Moreover, the parties will both be prejudiced if they are unable to complete these
11  depositions as the remaining witnesses possess relevant information regarding the primary
12  contested factual issue in this case, the validity of Defendant's coverage investigation Id.
13  Therefore, the parties believe good cause has been demonstrated pursuant to LR II 26-3 for the
14  reasons stated above and support their request to extend the close of discovery, which will help
15  to "effectuate the general purpose of seeing that cases are tried on the merits. Id. at *3 (quoting
16  *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1258-59 (9th Cir. 2010).  The parties have
17  been acting in good faith in diligently attempting to complete discovery by the current deadline
18  and good cause exists for an extension of the discovery deadlines.

19  The parties believe that an additional 90 days of discovery would allow the parties to
20  complete the remaining discovery necessary for the parties' claims and defenses and that good
21  cause is demonstrated by the need to complete the remaining depositions of Defendant's claims
22  adjusters and Plaintiff and will only leave the claims handling experts to be deposed, and will
23  allow for the parties to engage in assisted settlement negotiations.

24  This is the second request for extension of time in this matter. The parties respectfully
25  submit that the reasons set forth above constitute compelling reasons and good cause for the short
26  extension.

27
28

4

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut Off | Tuesday, October 29, 2024 | Monday, January 27, 2025 |
| Amended Pleadings or to add parties | June 3, 2024 | Closed |
| Expert Disclosures Pursuant to Fed. R. Civ. Proc. 26(a)(2) | Friday, August 30, 2024 | Monday, December 2, 2024[1] |
| Rebuttal Expert Disclosures | Monday, September 30, 2024 | Monday, January 6, 2025[2] |
| Dispositive Motions | Monday December 2, 2024 | Monday, March 3, 2025 |
| Joint Pretrial Order | Monday, December 30, 2024 | Monday, March 31, 2025 |

WHEREFORE, the parties respectfully request that this Court extend the discovery period by ninety (90) days, or the nearest business day after ninety (90) days, from the current deadline of October 29, 2024, and the other dates as outlined in accordance with the table above.

**TRIAL DATE**

This enlargement of time does not have any effect on trial as trial has not yet been set in this matter.

LEVERTY & ASSOCIATES LAW, CHTD
Dated this: 28th day of August, 2024

*/s/ William R. Ginn* .

William R. Ginn, Esq., NV Bar No. 6989
Patrick R. Leverty, Esq., NV Bar No. 8840
832 Willow Street
Reno, NV 89502

Attorneys for Plaintiffs

**IT IS SO ORDERED**

KEATING LAW GROUP
Dated this: 28th day of August, 2024

*/s/ John T. Keating* .

John T. Keating, Esq., NV Bar No. 6373
9130 W. Russell Road, Suite 200
LAS VEGAS, NV 89148

Attorneys for Defendant

_____
United States Magistrate Judge
DATED: 8/29/2024
Case No. 2:24-cv-00010-APG-DGA

---

[1] The actual date falls on November 28, 2024, which is Thanksgiving day.
[2] Extended from Wednesday, January 1, 2025, which is New Years Day

5

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of Leverty & Associates Law, Chtd., and that service of the foregoing Stipulation and Order to Extend Discovery Deadlines (Second Request) was made via email system to all listed counsel of record, with a copy to follow via U.S. Mail:

| John Keating<br>9130 W. Russell Road, Suite 200<br>LAS VEGAS, NV 89148<br>jkeating@keatinglg.com<br>*Attorneys for Allstate Insurance Company* | |

DATED: August 28, 2024

_____
An Employee of Leverty & Associates Law Chtd.

