Patrick R. Leverty, Esq., NV Bar No. 8840
pat@levertylaw.com
William R. Ginn, Esq., NV Bar No. 6989
bill@levertylaw.com
832 Willow Street; Reno, NV 89502
Telephone: (775) 322-6636
*Attorneys for 1420 Med LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEAN PIERRE, A NEVADA RESIDENT, 1420 MED. LLC, A TEXAS LIMITED LIABILITY COMPANY<br><br>Plaintiff<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY<br><br>Defendants | Case No.: 2:24-cv-00010-APG-DJA<br><br>**Stipulation and Order to Extend Discovery Deadlines (Third Request)** |

Pursuant to LR IA 6-1 and LR II 26-3, Plaintiffs, JEAN PIERRE and 1420 MED LLC, by and through their counsel, William R Ginn, Esq. of LEVERTY & ASSOCIATES LAW, CHTD., and Defendant, ALLSTATE INDEMNITY COMPANY, by and through counsel of record John T. Keating, Esq. of KEATING LAW GROUP respectfully submit the following stipulation requesting that this Court extend discovery in the above-captioned case by eighty-four (84) days, up to and including April 21, 2025. In addition, the parties request that all other future deadlines contemplated by the Discovery Plan and Scheduling Order, including the initial expert disclosure deadline of December 2, 2024, be extended. This stipulation is being made less than 21 days before the expiration of the current expert disclosure deadline and is being entered into in good faith and not for the purpose of delay. Undersigned counsel is cognizant of and appreciates the fact that the original Scheduling Order was granted with Special Scheduling Review. However, this is the third requested stipulation to extend the discovery deadlines and the parties have agreed to expert disclosure deadlines to 30 days after the scheduled Mediation with Judge Jackie Glass that is set to occur on January 23, 2025 in order for the parties to attempt to keep the costs of the

1

litigation. The current discovery schedule does not allow for this to take place. For good cause and in support of this stipulation and request, the parties state as follows:

### DISCOVERY COMPLETED

1. On January 26, 2024, the parties conducted an initial FRCP 26(f) conference.

2. The parties have served their Initial Disclosures pursuant to FRCP 26(a)(1) and continue to provide supplements thereto.

3. On April 1, 2024, Plaintiffs served three (3) sets of Requests for Production of Documents (141 requests total) on Defendant Allstate Indemnity Company. Allstate served its Responses to Set 1 and Set 2 on May 10, 2024 via extension of time. Allstate then served its First Supplemental Response to Set 1 on May 16, 2024 and its Second Supplemental Responses to Set 1 on May 31, 2024. Allstate then served its Responses to Set 3 on June 5, 2024, again via extension of time.

4. Defendant Allstate served its initial set of Interrogatories and Requests for Production of Documents to Plaintiff Jean Pierre on June 14, 2024, which were responded to on July 16, 2024.

5. The deposition of Allstate Indemnity Company claims representative Michael Broszcak took place on July 1, 2024;

6. The deposition of Allstate Indemnity Company claims representative Dan Munson took place on July 17, 2024;

7. The deposition of Plaintiff, took place on July 17, 2024.

### DISCOVERY REMAINING

1. Expert disclosures and depositions;.

2. Rebuttal disclosures and depositions;.

3. Further, other appropriate discovery may also need to be conducted, including additional written discovery and/or depositions of percipient witnesses; and.

4. Any and all discovery required as permitted by the Federal Rules of Civil Procedure.

### WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, the parties seek this extension solely for the purpose of reducing

1  the cost and expense of the litigation so as to allow the parties to engage in alternative dispute
2  resolution, and by keeping the costs down, allowing the case to resolve for an amount less than it
3  would have been to the parties if they were required to go forward with the finalizing and service
4  of expert disclosures.

5        The parties have been diligent in moving the case forward: participating in a reasonable
6  amount of discovery, including exchanging and supplementing their initial lists of witnesses and
7  documents; propounding written discovery requests and preparing responses thereto; and
8  scheduling depositions. At this time, the parties believe that all that remains is expert disclosures
9  and depositions. By allowing the parties to attempt to resolve the case via mediation, the moving
10 of the expert disclosures is in accordance with the spirit and intent of Fed. R. Civ. Proc. 1.

11       In an effort to accommodate counsel, parties and witnesses, the parties have agreed to
12 extend the expert witness deadlines 84 days after the scheduled mediation so that the claims
13 handling experts will not need to go to tall necessary remaining depositions can be conducted and
14 available for the claims handling experts who will require these depositions, and to allow for the
15 parties to engage in assisted settlement negotiations.  This case is an insurance bad faith action
16 brought by Plaintiff for damages allegedly suffered as a result of two consecutive homeowner
17 claims; one for vandalism, and a second for water damage.

18       The current discovery schedule does not allow for this to take place.  The parties once
19 again acknowledge that this Stipulation and Order is being submitted less than 21 days in advance
20 of the expert disclosure deadline, one of the discovery deadlines it seeks to extend.

21       Extension or Modification of The Discovery Plan and Scheduling Order. LR 26-3 governs
22 modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or
23 motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than
24 21 days before the expiration of the subject deadline and must comply fully with LR 26-3.  Any
25 request made within 21 days of the subject deadline must be supported by a showing of good
26 cause.  This stipulation is made more than 21 days before the expiration of the discovery deadline,
27 but less than 21 days before the expiration of the expert disclosure deadline.
28

The parties seek this extension of time so that they are able to participate in the mediation that is scheduled to occur with the Hon. Jackie Glass on January 23, 2025. The parties had difficulty scheduling the mediation due to Judge Glass' schedule, and because of delays in responses by the respective parties that would result in a date being agreed upon and then finding out that it had been already taken by other litigants.

Therefore, the parties believe good cause has been demonstrated pursuant to LR II 26-3 for the reasons stated above and support their request to extend the close of discovery, which will help to "effectuate the general purpose of seeing that cases are tried on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010.   The parties have been acting in good faith in diligently attempting to complete discovery by the current deadline and good cause exists for an extension of the discovery deadlines.

The parties believe that moving the expert disclosures, and concomitant deadlines an additional 90 days of discovery would allow the parties to complete the necessary expert disclosures in a cost effective manner, and will result in cost savings to the parties which will facilitate non-judicial resolution of the case.

This is the third request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute compelling reasons and good cause for the extension.

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut Off | Monday, January 27, 2025 | Monday, April 21, 2025 |
| Amended Pleadings or to add parties | Closed | Closed |
| Expert Disclosures Pursuant to Fed. R. Civ. Proc. 26(a)(2) | Monday, December 2, 2024 | Monday, February 24, 2025 |
| Rebuttal Expert Disclosures | Monday, January 6, 2025 | Monday, March 31, 2025 |
| Dispositive Motions | Monday, March 3, 2025 | Tuesday, May 27, 2025[1] |
| Joint Pretrial Order | Monday, March 31, 2025 | Monday, June 23, 2025 |



---

[1] Monday, May 26, 2025 is Memorial Day.

WHEREFORE, the parties respectfully request that this Court extend the discovery period by eighty-four (84) days, or the nearest business day after eighty-four (84) days, from the current deadline of January 27, 2025, and the other dates as outlined in accordance with the table above.

### TRIAL DATE

This enlargement of time does not have any effect on trial as trial has not yet been set in this matter.

| LEVERTY & ASSOCIATES LAW, CHTD | KEATING LAW GROUP |
|---|---|
| Dated this: 27th day of November, 2024 | Dated this: 27th day of November, 2024 |
| /s/ William R. Ginn | /s/ John T. Keating |
| William R. Ginn, Esq., NV Bar No. 6989<br>Patrick R. Leverty, Esq., NV Bar No. 8840<br>832 Willow Street<br>Reno, NV 89502 | John T. Keating, Esq., NV Bar No. 6373<br>9130 W. Russell Road, Suite 200<br>LAS VEGAS, NV 89148 |
| Attorneys for Plaintiffs | Attorneys for Defendant |

**IT IS SO ORDERED**

DATED this 3rd day of December, 2024.

_____
United States Magistrate Judge

Case No. 2:24-cv-00010-APG-DGA

### CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of Leverty & Associates Law, Chtd., and that service of the foregoing Stipulation and Order to Extend Discovery Deadlines (Third Request) was made via email system to all listed counsel of record, with a copy to follow via U.S. Mail:

| | |
|---|---|
| John Keating<br>9130 W. Russell Road, Suite 200<br>LAS VEGAS, NV 89148<br>jkeating@keatinglg.com<br>*Attorneys for Allstate Insurance Company* | |

DATED: November 27, 2024

_____
An Employee of Leverty & Associates Law Chtd.